## 11912

### STONE v. PACE *ET AL.*

#### (131 S. E., 594)

TRESPASS—GRANTEE NOT ENTITLED TO MAKE UP DEFICIENCY OF DEPTH OF LOT CALLED FOR IN DEED, BY TRESPASS ON OTHER LOTS OF GRANTOR.— Grantee whose lot facing on particular street was not of depth called for in his deed *held* not entitled to make up such deficiency by trespass on other lots of his grantor to the rear of the lot granted; his remedy, if the street was properly laid out, being an action for breach of warranty, or, if street was improperly laid out, being against the city.

Before ANSEL, J., Greenville, June, 1924. Reversed and remanded with directions.

Action by Stella D. Stone against J. L. Pace and others, wherein the defendants asserted a counterclaim. From a judgment for the defendants in both the main action and on the counterclaims, the plaintiff appeals.

The following are copies of the plats referred to in the opinion:

SECTION OF PRESENT CITY BLOCK BOOK

*Messrs. Wm. G. Sirrine* and *R. G. Stone,* for appellant, cite: *Adverse possession and estoppel against munici-pality:* 67 S. C., 525; 57 S. C., 517; 37 S. C., 327. *Plat incorporated in conveyance by reference:* 124 S. C., 232; 2 Tiffany on Real Property, Sec. 443. *Variance between plat and verbal description:* 42 S. C. L., 315.

*Messrs. Mauldin & Love,* for respondent, J. L. Pace, cite: *Ambiguities in description:* 92 S. C., 65; 53 S. C., 90; 14

S. C., 542; 1 Rich. L., 491; 4 R. C. L., 6. *Dividing line adopted by agreement:* 79 S. C., 438; 61 S. C., 292. *Improvements placed on property with owner's knowledge and without objection:* 95 S. C., 339; 81 S. C., 329; 67 S. C., 529; 37 S. C., 327; 31 S. C., 155; 1 Bay, 239; 10 R. C. L., 782. *Claimant of property estopped by his conduct:* 4 R. C. L., 131.

January 29, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for trespass upon real estate with a prayer for ejectment and damages. The complaint is in the usual form for the recovery of the possession of real estate and for damages. The answer is a denial of the plaintiff's title and right to possession, and contains a counterclaim for damages for alleged breach of warranty. Verdict for defendant and for $100 damages on counterclaim. Plaintiff appeals.

The defendant Pace claims title from his codefendant Martin, and the latter from the plaintiff. The controversy is as to the proper location of the lot in question.

The plaintiff claims title from the Stone Land Company and from Lena W. Stone, a grantee of Stone Land Company.

The lot now owned by the plaintiff, and the lot owned by the defendant, were parts of a large body of land, partly within and partly without the corporate limits of the City of Greenville. Many years ago it was the property of George Washington Earle; it was inherited by his daughter Eugenia A. Stone and descended to her daughter Floride L. Stone, who conveyed it to a corporation, Stone Land Company. In 1888, Mrs. Eugenia A. Stone had the property surveyed, streets and lots laid off, and a plat by J. N. Southern, surveyor, made and recorded. In a section of this plat were shown three streets running practically east

and west, Stone Avenue, Earle Street and an unnamed street, afterwards named Croft Street; and three streets running practically north and south, Robinson Street, Wilton Street, and Townes Street. Mrs. Eugenia A. Stone then conveyed to the City of Greenville the land in fee covered by the delineated streets of Earle, Robinson, Wilton, and Townes. Stone Avenue was already a street of the City; the unnamed street, Croft Street, was not included in the deed. None of the land north of Stone Avenue at that time had been opened up and was not for several years thereafter. The copy of that portion of the Southern plat of 1888 set out in the "case" which concerns the present controversy will be incorporated in the report.

It will be observed that Robinson, Wilton, and Townes Streets, as shown on the Southern plat of 1888, are at right angles with Croft, Earle, and Stone Avenue; and then existing Townes Street debouched into Stone Avenue at an obtuse angle. Particular attention is called to the fact that the extension of Townes Street was upon a course of N. 5½° E.; that is, from Stone Avenue in a northerly direction.

After Miss Floride Stone came into possession of the property, she conveyed it to a corporation, Stone Land Company, and on June 4, 1909, that company had the property resurveyed and subdivided, and the plat recorded. The copy of that portion of the Stone Land Company plat of 1909 set out in the "case," which concerns the present controversy, will be incorporated in the report.

It will be observed that upon this plat the extension of Townes Street from Stone Avenue in a northerly direction was made upon a course of north 6 degrees and 47 minutes east, from Stone Avenue to Earle Street; and upon a course of north 1 degree and 41 minutes east, from Earle Street to Croft Street, instead of north 5½ degrees east, as on the Southern plat of 1888, from Stone Avenue to Croft Street. The effect of these changes was to locate the extension

further to the west than was indicated on the Southern plat of 1888.

The evidence tends to show that in 1919 J. B. Stone, husband of the plaintiff, laid off and opened the extension of Townes Street according to the Stone Land Company plat. Some time after Stone Land Company acquired the property (the dates do not appear in the record for appeal), Stone Land Company sold and conveyed lot No. 47, which appears on the Stone Land Company plat at the N. E. corner of Townes and Croft Streets, to the plaintiff, Stella Stone, and lot No. 48, adjoining lot No. 47, fronting on Croft Street, to Lena Stone, who afterwards, June 25, 1920, sold and conveyed it to the plaintiff, Stella Stone. The latter also became the owner of lot No. 49 adjoining lot No. 48, also fronting on Croft Street. These conveyances were specifically made with reference to the Stone Land Company plat.

On June 26, 1920, the plaintiff, Stella Stone, conveyed to one J. Harry Watson a lot 50 by 131 feet fronting on Townes Street, consisting of the south portions of lots 47 and 48 of Section C of the Stone Land Company plat and described as follows: Beginning at a stake on the east side of Townes Street, the N. W. corner of Mrs. Oeland's lot (which had previously been sold by Mrs. Eugenia A. Stone to Mrs. Oeland before the Stone Land Company acquired the property), and running thence with Townes Street north 1 degree and 41 minutes east (the course of Townes Street as laid down on the Stone Land Company plat), 50 feet to a stake on Townes Street; thence 83 degrees and 13 minutes east (the course of Earle and Croft Streets as laid down on the Stone Land Company plat), 131 feet to a stake; thence on parallel lines with the two lines named.

On June 30, 1920, the plaintiff, Stella Stone, conveyed to the defendant, Jacob H. Martin, a lot 48 by 131 feet fronting on Townes Street, consisting of the north portions of lots 47 and 48 of Section C of the Stone Land Company plat,

and described as follows: Beginning at a stake on the east side of Townes Street, the N. W. corner of the lot sold to J. Harry Watson and running thence on the same degrees as in the Watson deed, according to the Stone Land Company plat, the front and rear lines being 48 feet, instead of 50 feet, as in the Watson deed.

In January, 1923, the City Engineer of Greenville resurveyed the lots and streets involved, incorporating his survey in the "City Block Book." The copy of that portion of the city plat set out in the "case" which concerns the present controversy will be incorporated in the report.

It will be observed that upon this plat the extension of Townes Street from Stone Avenue in a northerly direction to Croft Street is practically a straight line, and although the course is not stated on the plat, the testimony of the engineer is to the effect that the plat was made according to the Southern plat of 1888, which shows that extension to have been upon a course of north 5½ degrees east. The effect of using this degree instead of the degree north 1 degree and 41 minutes east, on the Stone Land Company plat, was to locate the eastern line of Townes Street something like 25 feet further to the east, thus setting the front line of the defendant Pace's lot back towards the east that distance.

Pace's contention is that as the deed gave him a depth of 131 feet from Townes Street, and as Townes Street is properly located according to the survey and plat of the City Engineer, he is entitled to go back into the lot of the plaintiff, at the rear of lots 47 and 48, as far as may be necessary to make up his required depth. He has accordingly taken possession of about 25 feet, and this action has been instituted to test his right to do so.

If the extension of Townes Street has been properly located by the City Engineer, it is clear that the defendant Pace has not obtained as great a depth to his lot as the deeds from Stella Stone to Martin and from Martin to him en-

titled him to.   In other words, about 25 feet of his lot is within the limits of the street as laid off by the City Engineer and the plaintiff has committed a breach of her warranty to that extent.   But even if this be true, we do not see what right the defendant Pace had to make up the deficiency of his depth by encroaching upon the lot of the plaintiff at the rear of his lot.   His remedy was to establish the correctness of the engineer's location and upon that basis institute an action against the plaintiff for breach of warranty.   If the extension of Townes Street has been improperly located by the City Engineer, it is clear that the street has been improperly located on a part of Pace's lot; and in that event his remedy would be against the City, and not by encroaching upon the plaintiff's lot at the rear of his lot.   In neither event can the defendant Pace successfully resist the claim of the plaintiff to a recovery of that part of her lot upon which Pace has entered for the purpose of making up the deficiency in depth of his lot.

We think that under the facts as developed the presiding Judge should have directed a verdict in favor of the plaintiff for the recovery of the possession of the land in dispute and have submitted to the jury the question of the amount of damages resulting from the trespass of the defendant Pace.

The counterclaim of the defendant is based upon the theory that the land in dispute belongs to him, and that the warrantor is attempting to take from him land which she has conveyed and warranted.   This cannot be sustained, and the defendant has title only to that covered by his deed, according to the Stone Land Company plat, which, it is conceded, does not cover the land in dispute.   He should be allowed, if so advised, to amend his counterclaim by setting up damages for breach of warranty in the loss by the defendant of so much of the area conveyed to him as may rightfully have been appropriated in the extension of Townes Street by the City.

The question of the right of the City Engineer to locate the extension of Townes Street, in the manner indicated, is applicable only to an action or counterclaim of the defendant for breach of warranty by reason of the loss of a part of the depth of his lot through its occupation by the street, and has not been considered.

The judgment of this Court is that the judgment of the County Court be reversed, and that the case be remanded to that Court, with instructions to direct a verdict in favor of the plaintiff for the recovery of the possession of the land in dispute and for the submission to the jury of the question of the amount of damages sustained by the plaintiff as a result of the defendant's trespass; and to allow the defendant, if desired by him, to amend his counterclaim as above indicated.

Mr. Justice Watts and Messrs. Acting Associate Justices J. H. Marion, R. O. Purdy and C. J. Ramage concur.

Mr. Chief Justice Gary did not participate.